UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD MARX, | ) | |
|         Plaintiff, | ) | |
| | ) | No. 1:18-cv-1151 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
|         Defendant. | ) | |
| | ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Donald Marx filed this complaint seeking a review of the final decision of the Commissioner of Social Security denying his request for benefits. The magistrate judge reviewed the record and issued a report recommending this Court affirm the Commissioner's final decision. (ECF No. 14.) Marx filed objections. (ECF No. 15.) The Commissioner filed a response. (ECF No. 16.)

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Objection 1. Section 1.04 of the Listings - Evidence of Nerve Root Compression

The ALJ concluded Marx "does not meet the criteria of Listing 1.04 because there is no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and positive straight leg raising test . . . ." (ECF No. 7-2 ALJ Dec. at 6 PageID.42.) Marx alleged

this finding was in error. (ECF No. 12 Pl. Br. at 6 PageID.873.) The magistrate judge rejected Marx's argument. (R&R at 10 PageID.899.) The magistrate judge noted that Marx did not identify any medical evidence in the record to show nerve root compression and instead pointed to evidence of pain that would be associated with nerve root compression. (*Id.*)

Marx objects. (ECF No. 15 Obj. ¶ 2 PageID.905-07.) Marx insists the record contains evidence that would tend to support the conclusion that he has a nerve root injury, evidence that was ignored by the ALJ and the magistrate judge.

The objection is overruled. The ALJ summarized Marx's medical records, which include the results of MRIs of his back in January 2015 and October 2017 and xrays in March 2016. The records show arthropathy (joint disease) stenosis (joint narrowing). None of the examiners indicated that the MRIs or xrays revealed nerve root compression. Courts have interpreted the relevant regulation as requiring evidence of nerve root compression. *See, e.g., Brauninger v. Comm'r Soc. Sec.*, No. 18-3495, 2019 WL 2246791, at *5 (6th Cir. Feb. 25, 2019); *Arrington v. Soc. Sec. Admin.*, 358 F. App'x 89, 94 (11th Cir. 2009) ("Listing 1.04 involved disorders of the spine or the spinal cord and requires evidence of nerve root compression . . . ."). Evidence of the symptoms that accompany nerve root compression is not sufficient. *See Hernandez v. Comm'r Soc. Sec.*, 198 F. App'x 230, 234-35 (3d Cir. 2006)

Objection 2. Medical Opinion - Dr. Myers

The ALJ gave Dr. Myers' opinion "very little weight as it is not supported by the record as a whole." (ALJ Dec. at 9 PageID.45.) Marx argued ALJ erred. (Pl. Br. at 7-9 PageID.874-76.) The magistrate judge found that Marx did not identify any specific errors

in the ALJ's assessment of Dr. Myers' opinion. (R&R at 14 PageID.903.) The magistrate judge interpreted Marx's argument as simply asking the Court to re-weigh the evidence. (*Id.*)

Marx objects. (Obj. ¶ 3 PageID.907-08.) Marx insists there is evidence in the record to support the Dr. Myers' opinion.

The objection is overruled. Marx's objection merely restates his initial argument. The initial argument failed to engage the ALJ's decision and the objection fails to engage the magistrate judge's findings and recommendation. The ALJ succinctly identified how Marx's own testimony contradicted DR. Myers' conclusions.

Objection 3. Vocational Guidelines

The ALJ concluded a significant number of jobs existed in the national economy based on Marx's age, education, work experience, and residual functional capacity. (ALJ Dec. at 11-12 PageID.47-48.) Marx argued the ALJ erred because he is limited to sedentary lifting activities only and lacks transferrable skills. (Pl. Br. at 10 PageID.877.) The magistrate judge rejected Marx's argument, noting that the ALJ found Marx could perform a limited range of light work. (R&R at 15 PageID.904.) The magistrate judge also concluded that Marx did not develop the argument and is simply asking the Court to reweigh the medical record. (*Id.*)

Marx objects. (Obj. ¶ 4 PageID.908-09.) Marx argues his functional limitations are inconsistent with a finding that he can perform "light work."

The objection is overruled. This argument was initially rejected by the magistrate judge as undeveloped. In the objection, Marx identifies some evidence in the record to support his assertion that he should be evaluated as though he can perform only sedentary

3

work. But, the ALJ explained in detail what evidence in the record supports the conclusion that Marx can perform a limited range of light work. (ALJ Dec. Sect. 5 at 7-10 PageID.43-46.) Marx has not addressed those findings.

For these reasons, the Report and Recommendation (ECF No. 14) is **ADOPTED** as the Opinion of this Court. Accordingly, the Court **AFFIRMS** the final decision of the Commissioner. **IT IS SO ORDERED.**

Date:  February 25, 2020                                                          /s/ Paul L. Maloney
                                                                                        Paul L. Maloney
                                                                                        United States District Judge